```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

ARTURO HERNANDEZ GUADARRAMA   §
                              §
VS.                           §   CIVIL ACTION NO. 4:14-CV-643-Y
                              §   (Criminal No. 4:11-CR-096-Y(30))
UNITED STATES OF AMERICA      §
```

### ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 <br> & DENYING CERTIFICATE OF APPEALABILITY

Before the Court is the motion for relief under 28 U.S.C. § 2255 of Arturo Hernandez Gaudarrama (doc. 1). After careful review of the motion, response, and reply, the Court concludes that the motion must be DENIED for the reasons set forth in this order.

In 2011, Gaudarrama was charged via superseding indictment with conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. § 846. The charged offense carried a statutory penalty of not less than ten years but not more than life in prison. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). Gaudarrama entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) under which the parties agreed that 135 months was an appropriate term of imprisonment.

Gaudarrama later moved to withdraw his guilty plea. This Court, following an evidentiary hearing and consideration of the factors set out in *United States v. Carr,* 740 F.2d 339, 343 (5th Cir. 1984), denied the motion. The Court ultimately declined to sentence Gaudarrama in accordance with the plea agreement, and imposed a sentence of 121 months' imprisonment, which was at the

bottom of the advisory guidelines range and below the sentence set out in Gaudarrama's plea agreement.

Gaudarrama seeks relief under § 2255 based on ineffective assistance of counsel. Gaudarrama claims that his attorney was ineffective for (1) failing to move for an offense-level adjustment under U.S.S.G. § 3B1.2 based on Gaudarrama's alleged role as a minor participant in the office, (2) failing to file a motion for a downward departure under U.S.S.G. § 5K1.1 based on his cooperation with the government, and (3) failing to argue for a lower sentence under 18 U.S.C. § 3553(a)(6) to avoid unwarranted sentencing disparities between Gaudarrama and his co-conspirators.

Claims of ineffective assistance of counsel are properly brought as § 2255 motions. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). To succeed on a claim of ineffective assistance, a petitioner must prove that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs must be satisfied for petitioner to be entitled to relief. *Id.* And the burden is on the petitioner to show that his counsel's representation fell below an objective standard of reasonableness by identifying "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

Gaudarrama argues that his attorney should have sought an offense-level adjustment under § 3B1.2 based on his allegedly minor role in the offense. Gaudarrama claims that he "was only a minimal/minor participant" and that he "was not planning the business, and was not the buyer or distributor of the drugs." (Pet'r's Mot. at 5.) To be entitled to the minimal-participant adjustment under the sentencing guidelines, Guadarrama had to establish at sentencing that he was "plainly among the least culpable of those involved in the conduct of a group" and that he had a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2(a), App. 4.

To be entitled to an adjustment as a minor participant, Gaudarrama had to prove that, despite having a role in the conspiracy that "could not be described as minimal," he was still "less culpable than most other participants." U.S.S.G. § 3B1.2(b), App. 5. "[T]he fact that other co-defendants were more culpable does not automatically qualify a defendant for either minor or minimal participant status." *United States v. Atanda*, 60 F.3d 196, 198 n.1 (5th Cir. 1995) (citing *United States v. Thomas*, 963 F.2d 63, 65 (5th Cir. 1992)).

The Court concludes that Guadarrama has failed to demonstrate that he was eligible for either the minimal- or minor-participant adjustment. In his factual resume, the

3

veracity of which he affirmed under oath, Guadarrama admitted to picking up cocaine in kilogram quantities and distributing it. (Factual Resume at 4.) He confessed that he was personally responsible for distributing more than five kilograms of cocaine (*Id.* at 3-4.) And the presentence report ("PSR"), indicates that he actually purchased more than ten kilograms. (PSR at ¶ 68.) He was trusted to accompany Cristian Ocana, a higher-level distributor, to pick up cocaine from a supply source, and he was trusted with information about other suppliers. (PSR at ¶ 62, 70.) He also actively participated in coordinating drug transactions. (PSR at ¶ 71-72, 75-76.)

These facts sufficiently refute Gaudarrama's claim that he was not involved in the buying or selling of drugs and instead demonstrate that his involvement in the offense was more than "minimal" or "minor." Therefore, he would not have been eligible for an offense-level reduction under § 3B1.2, and his attorney was not ineffective for failing to seek such an adjustment. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (explaining that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue").

Gaudarrama also faults his attorney for failing to move for a downward departure under § 5 K1.1 based on substantial assistance. Gaudarrama provides no details in his motion regarding his alleged substantial assistance. Furthermore, §5K1.1 permits the Court to depart from the guidelines "[u]pon motion *from the government* that the defendant has provided substantial assistance . . . ." U.S.S.G. § 5K1.1 (emphasis added). Gaudarrama's attorney cannot be faulted for failing to make a motion for a sentence reduction that she was not authorized to make under the plain language of the guidelines.

Finally, Gaudarrama argues that his lawyer should have moved the Court for a lower sentence based on "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Guadarrama provides the names and purported sentences of six of his co-defendants that he claims "obtained less time in the same offense with more participation in the crime." (Pet'r's Mot. at 8.) But Gaudarrama provides no details about the co-defendant's participation in the crime, nor any information about how individual factors such as criminal history, cooperation with the government, and other mitigating circumstances may have impacted their sentences.

Nonetheless, the record reflects that the Court considered this factor at sentencing: "In determining the sentence, I've

considered the advisory guidelines as well as statutory directives listed in 18 U.S.C. § 3553(a)." (Sept. 12, 2012 Sentencing Tr. at 29.) Thus, any motion from Guadarrama's attorney would have been meritless because the Court had already accounted for the factor related to sentencing disparity in determining that a sentence of "121 months, pursuant to the guidelines, is sufficient but not greater than necessary to achieve the Court's sentencing objectives of punishment, deterrence, and protection of the public." (*Id.*)

Based on the forgoing, Guadarrama has failed to demonstrate that he is entitled to relief under § 2255. As such, his motion is DENIED.

### *Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. *See* Fed. R. App. P. 22(b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Upon review and consideration of the record in this case, Guadarrama has not made a showing that reasonable jurists would question this Court's rulings. As such, the Court concludes that a certificate of appealability should not issue for the reasons stated in this order. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C. § 2253(c).

SIGNED March 3, 2015.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE